```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA


EDWIN NOEL CASIANO,            :
            Petitioner,        :    CIVIL ACTION
                               :
       v.                      :
                               :
LOUIS S. FOLINO, et al.        :
            Respondents        :    NO. 05-4461
```

ORDER

AND NOW, this 19th day of April, 2006, upon careful and independent consideration of the Petition for Writ of Habeas Corpus, and the respondents' answer, and after review of the Report and Recommendation of United States Magistrate Judge Thomas J. Rueter (Docket No. 11) and the petitioner's objections thereto, IT IS HEREBY ORDERED that:

1. The petitioner's objections are OVERRULED.
2. The Report and Recommendation is APPROVED AND ADOPTED.
3. The Petition for Writ of Habeas Corpus is DENIED AND DISMISSED AS TIME BARRED pursuant to 28 U.S.C. § 2244(d)(1).
4. There is no basis for the issuance of a certificate of appealability.

The report and recommendation concluded that the petitioner's federal habeas petition was filed after the expiration of the one year statute of limitations and that the

limitations period cannot be equitably tolled.  In his objections, the petitioner argues that the limitations period should have been equitably tolled because he did not receive notice of an October 16, 2002 decision of the Pennsylvania Superior Court that affirmed the dismissal of his first PCRA petition until July 18, 2003 and because of a second PCRA petition that was filed on September 15, 2003, which he claims the Pennsylvania Superior Court incorrectly concluded was untimely.

Similar arguments were addressed in the report and recommendation.  The Court concurs with the conclusions therein that such arguments do not demonstrate the requisite diligence or extraordinary circumstances that would establish a justification for equitable tolling.  Additionally, to the extent that the petitioner asks the Court to review the decision of the Pennsylvania Superior Court that his second PCRA decision was untimely under Pennsylvania law, the Court concludes that it cannot review such a decision.  See Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003).

Finally, the report and recommendation found that the respondents did not raise the statute of limitations with respect to all of the petitioner's claims, but nevertheless recommended that the entire petition be dismissed as untimely because a magistrate judge may raise the statute of limitations in a habeas

case sua sponte.  The Court notes that the Court of Appeals for the Third Circuit approved of magistrate and district judges exercising their discretion to raise the statute of limitations sua sponte in habeas cases in both Long v. Wilson, 393 F.3d 390, 403 (3d Cir. 2004) and United States v. Bendolph, 409 F.3d 155, 158 (3d Cir. 2005).  However, the Court need not address this issue because the Court reads the respondents' answer and supporting brief as raising the statute of limitations as to all of the petitioner's claims.

       The petitioner raised six claims in his federal habeas petition.  However, two of the petitioner's claims argued that other claims were in fact timely.  The respondents' answer and supporting brief argued that the petition itself was time barred and therefor the two claims dealing with the limitations period were meritless.  Thus, the Court concludes that the respondents did not limit their statute of limitations argument to only two of the petitioner's claims but instead asserted in the answer that the entire petition was time barred.

Having reviewed the petitioner's objections to the report and recommendation and following an independent review of the record, the Court agrees with the report and recommendation that the petition for habeas corpus must be dismissed as time barred.

BY THE COURT:

/s/ Mary A. McLaughlin
MARY A. McLAUGHLIN, J